NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WRYAN S. THOMAS,

        Plaintiff,

v.

SGT. ROSARIO, P.O. GILBERTO
SIMAO, P.O. N. MILLROY, P.O.
J. MARTINEZ

        Defendants.

Civil Action No. 10-cv-3693 (DMC) (JAD)

Hon. Dennis M. Cavanaugh, U.S.D.J.

OPINION

DICKSON, U.S.M.J.:

This matter comes before the Court upon application by *pro se* Plaintiff Wyran Thomas ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **granted**.

I. BACKGROUND

On or about July 21, 2010, Plaintiff filed a Civil Rights Complaint against a number of defendants including or related to the City of Perth-Amboy Police Department, seeking damages and permanent restraining orders under 42 U.S.C. §1983. (Compl., ECF No. 1) Specifically Plaintiff

alleged he was the victim of excessive use of force and assault and battery. He seeks $10 million in damages. On July 26, 2010, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Order, July 26, 2010, ECF No. 2) On or about October 5, 2010, Plaintiff submitted an application for *pro bono* counsel, which the Court is presently addressing.

The alleged incident giving rise to Plaintiff's claims occurred on October 31, 2009 on Hall Avenue in Perth-Amboy. Plaintiff alleges that the defendants beat Plaintiff with flashlights and night sticks, causing permanent physical injuries to his head and right leg.

## II.  DISCUSSION

The district court has broad discretion in appointing *pro bono* counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). Nonetheless, the district court must consider certain evaluative factors, including whether: (1) the claim has some merit; (2) the *pro se* party lacks the ability to present an effective case without an attorney; (3) the legal issues are complex or, if the ultimate legal issues are not complex, the *pro se* party lacks the familiarity with the rule of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (4) factual investigation will be necessary and the *pro se* party is not adequately able to pursue said investigation; (5) the case is likely to turn on credibility determinations; (6) the case will require expert testimony; and (7) the *pro se* party is unable to afford counsel on his/her own behalf. See Parham v. Johns, 126 F.3d 454 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155, 158 (3d Cir. 1993). While no single factor is determinative, the Third Circuit has emphasized that as a threshold issue, the district court must make a determination as to the merits of Plaintiff's claims before engaging in further evaluation. See Tabron, 6 F.3d at 155.

In the present case, Plaintiff alleges that he was the victim of excessive force and assault and

battery in violation of his Constitutional rights. (Compl., ECF No. 1) On July 26, 2010 the Court granted Plaintiff's application to proceed *in forma pauperis*. (Order, July 26, 2010, ECF No. 2) The Court further dismissed with prejudice all claims against the City of Perth Amboy Police Department and dismissed without prejudice all claims against the City of Perth Amboy and the Chief of Police of Perth Amboy. Id. However, the Court declined to dismiss *sua sponte* the Complaint as to the remaining defendants. Id.

Accordingly, on their face, Plaintiff's claims against defendants Sergeant Ralph Rosario, Officer Nicholas Millroy, Officer Gilberto Simao, and Officer Jesus Martinez pass muster and establish the requisite merit in both fact and law. Nonetheless, a finding that Plaintiff has presented meritorious action does not conclude the inquiry; the Court must next evaluate the remaining criteria in the *pro bono* analysis.

Upon sufficient showing of merit, the Court must then look to the ability of the plaintiff to present his case in determining whether to appoint counsel. Tabron, 6 F.3d at 156. Here, although Plaintiff is not illiterate, he is incarcerated and does not appear to have access to a variety of resources often available to free individuals. All of Plaintiff's submissions to date have been handwritten, evidencing either a lack of access to a computer or typewriter or Plaintiff's inability to use a computer or typewriter. Furthermore, Plaintiff does not appear to be versed in the law and does not appears to any assistance available to him in prison in prosecuting his claims. Finally, Plaintiff attached to his application to proceed *in forma pauperis* a statement of account showing that, at least as of July 15, 2010, he is in debt to the prison where he is incarcerated, which presupposes that he has financial limits on presenting his case.

Next, the Court must consider the complexity of the particular issues involved and the degree to which factual investigation and expert testimony is required. See Tabron, 6 F.3d at 156. The

issue in this case is whether Plaintiff was the victim of excessive force and assault and battery. Although Plaintiff does not assert the he will need an expert witness, evidence regarding the existence and/or extent of Plaintiff's injuries likely will be necessary.

Finally, the ability of Plaintiff to obtain and afford counsel on his own behalf is an important factor. Here, Plaintiff has no income or savings and has produced evidence that he is over $200 in debt to the prison. Plaintiff states that he does not have the funds necessary to retain counsel and has provided evidence that he is in debt to the prison where he is incarcerated. As such, it does not appear that Plaintiff can afford to retain counsel on his behalf.

Accordingly, based on a review of Plaintiff's complaint and application for *pro bono* counsel, this Court finds that appointment of *pro bono* counsel is appropriate.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of *pro bono* counsel is granted. An appropriate Order accompanies this Opinion.

_____
JOSEPH A. DICKSON
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Dennis M. Cavanaugh, U.S.D.J.